# In the United States Court of Appeals for the District of Columbia Circuit

MEDIA MATTERS FOR AMERICA; ERIC HANANOKI,

*Plaintiffs - Appellees*

*v.*

WARREN KENNETH PAXTON, JR., IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF TEXAS,

*Defendant - Appellant*

On appeal
of the United States District Court for the District of Columbia

## Appellant's Unopposed Motion to Expedite

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

RYAN S. BAASCH
Chief, Consumer Protection Division

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Aaron L. Nielson
Solicitor General

LANORA C. PETTIT
Principal Deputy Solicitor General
Lanora.Pettit@oag.texas.gov

Joseph N. Mazzara
Assistant Solicitor General

Counsel for the Defendant-Appellant

# UNOPPOSED MOTION TO EXPEDITE THE APPEAL

In accordance with District of Colombia Circuit Rules 27 and 47.2, and the District of Columbia Circuit Handbook of Practice and Internal Procedures section VIII.B, Defendant-Appellant Ken Paxton, in his official capacity as the Attorney General of Texas, hereby respectfully moves to expedite this appeal on the terms set forth below. Counsel for Defendant-Appellant has conferred with counsel for Plaintiffs-Appellees, and they do not oppose this motion.

Specifically, Defendant-Appellant requests that no briefing extensions be permitted in this case, but that the Federal Rules of Appellate Procedure otherwise govern for time to file briefs. In addition, Defendant-Appellant moves that oral argument be scheduled for the first available date after close of briefing.

This case is subject to mandatory expedition under 28 U.S.C. section 1657 as an appeal of "preliminary injunctive relief." Moreover, this motion satisfies this Court's standards for expedition under Section VIII.B, as set forth below. Specifically, "the decision under review is subject to substantial challenge," and "delay [absent expedition] will cause irreparable injury." D.C. Handbook of Prac. & Internal Proc. § VIII.B.

1. This case involves the Texas Attorney General's investigation into Plaintiff-Appellee Media Matters for potentially deceptive trade practices within the meaning

of the Texas Deceptive Trade Practices Act. Op. at 4, *Media Matters for Am. v. Paxton*, No. 1:24-cv-00147-APM (D.C. Cir. Apr. 12, 2024), ECF No. 37 ("Op."). That Act provides that it is a deceptive trade practice to "disparag[e] the goods, services, or business of another by false or misleading representation of facts." Tex. Bus. & Com. Code § 17.46(b)(8). And there is substantial public record evidence, including an ongoing private party lawsuit, indicating that Media Matters violated this provision of the Texas Deceptive Trade Practices Act by creating an apparently artificial and inflammatory depiction of the X.com platform and depicting it as if it were an X.com consumer's ordinary experience. *See, e.g.*, *X Corp. v. Media Matters for Am.*, No. 4:23-cv-01175-O (N.D. Tex.).

2. On November 20, 2023, the Texas Attorney General announced the opening of this investigation and at approximately the same time issued a Civil Investigative Demand (CID) to Media Matters seeking documents relevant to Media Matters' conduct in Texas and documents regarding its apparently artificial and inflammatory depiction of the X.com platform. Op. 4-6. Instead of producing a single document, Media Matters ultimately sought a preliminary injunction in the court below barring enforcement of the CID.

3. On April 12, 2024, the district court entered a preliminary injunction based on a finding that Media Matters was likely to succeed on a claim of "First Amendment retaliation." *Id.* at 35.

4. **The decision under review is subject to substantial challenge** for at least three reasons: (1) personal jurisdiction; (2) justiciability; and (3) absence of a First Amendment violation.

5. *First*, on personal jurisdiction, the district court recognized that it is "rare" for a federal court to find "personal jurisdiction" over an out-of-State Attorney General. *Id.* at 18 n.5. That is true, and if anything an understatement. Indeed, in this Circuit, it appears to have never been done before. *See Id.* at 12 (recognizing it is "an open question in this circuit" whether it is even permissible). Moreover, the district court heavily anchored its personal jurisdiction analysis on ***acts that have not, and may never, happen***. *Id.* at 20 ("Defendant reasonably should have anticipated being haled into court here because the CID established a future course of dealing with a D.C. resident.").

6. *Second*, on justiciability, the district court split from the only Circuit court precedent addressing this exact scenario, *Twitter v. Paxton*, 56 F.4th 1170 (9th Cir. 2022). As the opinion below recognized, the Ninth Circuit there held that "Twitter ha[d] not suffered an Article III injury" from receipt of a materially identical CID

3

from this same Attorney General "because the CID is not self-enforcing." Op. 28. Specifically, the Attorney General cannot enforce the CID without obtaining a judicial order compelling enforcement, and in that posture a recipient such as Media Matters could raise a First Amendment defense (or any other defense). Tex. Bus. & Com. Code § 17.62(b). The district court rejected the applicability of *Twitter*'s categorical rule because here Media Matters offered "particularized declarations" explaining that it had engaged in self-censorship. Op. 33. But that provides no basis to depart from *Twitter*.

7. *Third*, on the First Amendment, the Attorney General explained that there is no protection where, as here, Media Matters' speech appears to have been "deliberately designed" to mislead in a commercial setting. *Id.* at 36. The district court offered no analysis why that is wrong; instead, it just said that the Attorney General's citations to "a Lanham Act case and a Federal Trade Commission Act case for that proposition . . . have no application here." *Id.* But Texas's Deceptive Trade Practices Act is a miniature, State-version of the Federal Trade Commission Act. *See* Tex. Bus. Com. Code § 17.46(c)(1) (construction of Texas Act should follow "interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act"). So it is hard to

4

understand how the district court could be correct that a different First Amendment analysis applies.

8. **<u>The Attorney General is also experiencing irreparable harm</u>** because "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J. in chambers). That injury extends for as long as the injunction is in place. The injury here is doubly harmful to the Attorney General because of the severe federalism concerns inherent in a federal court enjoining an out-of-State Attorney General.

9. For the foregoing reasons, the Attorney General believes a stay pending appeal or other form of interim or emergency relief would be warranted in addition to expedition. Out of consideration for this Court's docket and limited resources, and because Plaintiffs-Appellees agreed to expedition, the Attorney General is not seeking those forms of relief at this time.

10. Defendant-Appellant respectfully requests that the Court expedite resolution of this appeal. Defendant-Appellant does not propose a modification of the default briefing schedule under the Federal Rules of Appellate Procedure, but respectfully requests that the Court calendar "this case for oral argument on the first available date following the completion of briefing." *See Archdiocese of Wash. v. Wash.*

*Metro. Area Transit Auth.*, 877 F.3d 1066, 1068 (D.C. Cir. 2017) (granting expedited review). The parties have both also agreed not to take any extension of the briefing deadlines.

## Conclusion

The Court should grant the motion to expedite.

Respectfully submitted.

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Aaron L. Nielson<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | /s/ Lanora C. Pettit<br>Lanora C. Pettit<br>Principal Deputy Solicitor General<br>Lanora.Pettit@oag.texas.gov |
| Ryan S. Baasch<br>Chief, Consumer Protection Division<br>Ryan.Baasch@oag.texas.gov | Joseph N. Mazzara<br>Assistant Solicitor General |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Counsel for the Defendant-Appellant |

# Certificate of Compliance

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2), because it contains 1,096 words, excluding the parts of the brief exempted by rule; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Lanora C. Pettit
Lanora C. Pettit

# Certificate of Service

On April 29, 2024, this brief was served via CM/ECF on all registered counsel.

/s/ Lanora C. Pettit
Lanora C. Pettit