

Lanora C. Pettit  
Principal Deputy Solicitor General

Lanora.pettit@oag.texas.gov  
(512) 463-2127

December 12, 2024

**VIA CM/ECF**

Mark Langer  
Clerk of Court U.S. Court of Appeals for the D.C. Circuit  
E. Barrett Prettyman U.S. Courthouse  
333 Constitution Ave., N.W., Washington, D.C. 20001

    Re:    No. 24-7059, *Media Matters for America, et al v. Warren Paxton, Jr.*

Dear Mr. Langer,

I write in response to Judge Pan's question about whether Texas Business and Commerce Code ("TBCC") § 17.61(g) allows Media Matters to bring this suit in Washington D.C. as "the county where the parties reside." It does not for three reasons.

*First*, as Judge Pan acknowledged, Media Matters never raised this argument. It is thus forfeited. *E.g.*, *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F.3d 148, 154 (D.C. Cir. 2002). The Court should hesitate to depart from this rule here. Because variants of the same phrase appear throughout Texas venue statutes, *e.g.*, Tex. Civ. Prac. & Rem. Code ch. 15; TBCC § 17.56, defining "counties" to extend to counties outside Texas raises implications far beyond this case and would merit certification to the Texas Supreme Court.

*Second*, as I mentioned during argument, "county" in section 17.61(g) is best understood in context to refer to a county *in Texas*. *Accord Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1177 (9th Cir. 2022). The Texas Legislature lacks power to confer jurisdiction or venue on federal courts or on courts of its sister States. Consistent with this principle, other venue statutes that use the term "county" have long been understood to refer only to a county *within Texas*, *e.g.*, *Canales v. Estate of Canales*, 683 S.W.2d 77, 79 (Tex. App.—San Antonio 1984, no writ) (collecting authorities). Indeed, to say otherwise would make little sense because Texas generally provides for venue in a plaintiff's home county *only* if other venue provisions based on the

*defendant*'s county of residence "do not apply." Tex. Civ. Prac. & Rem. Code § 15.002(a)(4). If "county" includes counties outside Texas, that provision would be surplusage. Because section 17.61(g) speaks in similar terms for a similar purpose, Texas courts would read it *in pari materia* with these general venue provisions. *E.g.*, *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 n.81 (Tex. 2019).

*Third*, assuming section 17.61(g) could refer to counties outside Texas, D.C. is not such a county because it is not a "territorial subdivision for local government within a state." *County*, Black's Law Dictionary 442 (11th ed. 2019).

Respectfully submitted.

/s/ Lanora C. Pettit
LANORA C. PETTIT
*Counsel for Defendant-Appellant*

cc: Counsel for All Parties (via CM/ECF)